**Robert James MENEFEE, Petitioner–Appellant,**

v.

**L.S. McEWEN, Warden, Respondent–Appellee.**

**No. 13–17046.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 9, 2014.*

Filed Dec. 11, 2014.

James M. Warden, Sacramento, CA, for Petitioner–Appellant.

Jesse Noel Witt, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, Rebecca Leigh Whitfield, Deputy Attorney General, Office of the California Attorney General, Fresno, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, FISHER and HURWITZ, Circuit Judges.

## MEMORANDUM **

Robert James Menefee appeals the denial of his petition for habeas corpus under 28 U.S.C. § 2254. Reviewing the district court's determination de novo, *see Hurles v. Ryan,* 752 F.3d 768, 777 (9th Cir.2014), we affirm.

The state court determined that Menefee was not prejudiced under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by his attorney's failure to inform him that he was subject to a five-year sentencing enhancement for a prior conviction. Menefee argues that, had he been made aware of this enhancement, he would have accepted a plea offer for a lower sentence than he ultimately received. Based on the record, the state court found that Menefee was made aware

during a courtroom exchange between the prosecutor and trial judge, in Menefee's presence, that he faced 13 years in prison for his charges—a sentence that necessarily included a five-year enhancement. This was not an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Because Menefee had rejected the plea deal he was offered with knowledge of his exposure to the five-year sentencing enhancement, the state court concluded he was not prejudiced by his attorney's lack of advice. This determination was not "contrary to, or ... an unreasonable application of" *Strickland.* § 2254(d)(1).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

